UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM HAYNES,

       Plaintiff,

       v.

COMMISSIONER, Social
Security Administration,

       Defendant.

Civil No. 05-1244-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

       Plaintiff William Haynes (plaintiff) brings this action pursuant to § 405(g) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) that denied his application for disability insurance benefits (DIB). Plaintiff seeks Judgment awarding plaintiff the benefits he seeks.

       This matter has been taken under advisement. After reviewing the record of this case fully, this court concludes that the Commissioner's decision must be remanded for further proceedings.

## BACKGROUND

1 - OPINION AND ORDER

Plaintiff filed an application for the DIB at issue on July 31, 2003. Transcript of Record (hereinafter "Tr.") Tr. 50-52. His application alleged disability commencing January 15, 2002, stemming from a cognitive disorder, memory loss, degenerated disc in the lower back and severe arthritis. Tr. 15, 50, 54. After this claim was denied initially and upon reconsideration, plaintiff requested a hearing. An Administrative Law Judge (ALJ) conducted a hearing reviewing this denial on January 6, 2005, at which plaintiff was represented by a non-attorney. Tr. 300-36.

On March 25, 2005, the ALJ issued a decision concluding that plaintiff was ineligible for DIB because he had the residual functional capacity (RFC) to perform medium work with no close interaction with the public, and because there are significant numbers of jobs in the national economy that he could perform. Tr. 21-22. This decision became the Commissioner's final decision upon the Appeals Council's subsequent denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff then filed a Complaint seeking this court's judicial review.

## **STANDARDS**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. Each step is potentially dispositive. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines whether the claimant is performing substantial gainful activity (SGA). If claimant is performing SGA, the claimant is not disabled. 20 C.F.R. §§ 404.1520(4)(I), 404.1520(b), 404.1571, 404.1574(a). If the ALJ so finds, the ALJ proceeds no further. *Yuckert*, 482 U.S. at 140.

If the claimant is not performing SGA, the ALJ proceeds to step two, at which the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(4)(ii). If the claimant does not have such a severe impairment, he or she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's RFC. The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine (at step four) if the claimant can perform his or her past relevant work at step four, or (at step five) perform work in the national economy.

As noted, if proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-42; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. 404.1520(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. However, if the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id.* If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g).

If the claimant is found disabled and medical evidence of a substance abuse disorder exists, the Commissioner must determine whether the claimant's drug addiction or alcoholism (DAA) is a contributing factor material to the finding of disability.  20 C.F.R. §§ 404.1535, 416.935; *see Bustamante v. Massanari*, 262 F.3d 949, 954–55 (9th Cir. 2001).  A claimant may not be considered disabled if DAA is material to the claimant's disability.  42 U.S.C. § 423(d)(2)(C).  Drug addiction or alcoholism is considered material if the claimant would not be disabled if he or she stopped using alcohol or drugs.  20 C.F.R. §§ 404.1535(b), 416.935(b).  The claimant bears the burden of showing that DAA does not materially contribute to his or her disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 USC § 405(g); *Batson v. Comm'r of Social Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility and resolving conflicts and ambiguities in the evidence.  *Batson*, 359 F.3d at 1193.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted); *see also Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances in which the evidence would support either outcome).

## ALJ'S FINDINGS

At step one the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability. Tr. 15, Finding 2.

At step two, the ALJ found that plaintiff had severe impairments, including depression and anxiety disorder, attention deficit hyperactivity disorder, and marijuana abuse. Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 18-19, Finding 3.

At step four, the ALJ determined that the decline in plaintiff's functional ability may preclude him from performing his past relevant work as an electronic technician and computer programmer/software engineer. Tr. 21, Finding 7.

The ALJ so found after determining that plaintiff has the RFC to perform a significant range of medium work with no close interaction with the public. Tr. 21, Finding 6, 12.

At step five, the ALJ found that plaintiff has the RFC to perform work existing in significant numbers in the national economy, including jobs as a cleaner, laundry worker, and kitchen helper. Tr. 22, Finding 13.

## ANALYSIS

Plaintiff argues that the ALJ erred in finding that plaintiff has no severe physical or exertional impairments. This court agrees.

The burden to establish the existence of a severe impairment that prevents a claimant from performing substantial gainful activity rests with the claimant. *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tackett*, 180 F.3d at 1098-99. This burden also includes establishing that the severe impairments lasted (or will last) for at least twelve continuous months. *See* 20 C.F.R. §§ 416.905, 416.912.

Medical evidence is essential for assessing the impacts of a claimant's impairments upon his or her ability to do basic work activities. *See* SSR 85-28. Non-severe impairments are those that do not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.921(a); *see also Bowen v. Yuckert*, 841 F.2d 303, 306 (9th Cir. 1988) (an impairment or combination of impairments is found "not severe" when the evidence establishes that the impairment is a slight abnormality that has no more than a minimal effect on an individual's ability to work).

"Basic work activities" include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to

supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. §§ 416.921(b)(1)-(6).

Conversely, an impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *Smolen*, 80 F.3d at 1290; SSR 96-3p.

The ALJ found that plaintiff had no severe physical or exertional impairments, but failed to address relevant medical evidence of impairments in plaintiff's right shoulder and back. Plaintiff's treating physician, Scott Halpert, M.D., noted that plaintiff experienced pain in his right AC joint with any pressure and concluded that the tenderness was probably related to arthritis. Tr. 136. Doctor Halpert's opinion was corroborated by X-rays of plaintiff's right shoulder performed by Darian W. Morray, M.D., which showed AC joint cartilage loss. Tr. 161. The record also indicates that Dr. Halpert treated plaintiff for complaints of chronic back pain. Tr. 136. An examination showed myofascial tenderness with palpable spasm. Tr. 136. Doctor Halpert ordered physical therapy and prescribed Relafen to address plaintiff's back and shoulder pain. Tr. 136.

Because the record establishes the existence of medically determinable impairments in plaintiff's right shoulder and back, the ALJ was required to make a finding as to the credibility of plaintiff's statements about the resulting symptoms and limitations. Plaintiff asserted in a pain questionnaire that his shoulder pain is caused by reaching, pulling, or pushing, and that the pain worsens with any movement. Tr. 71, 80. Plaintiff further asserted that his back pain "limits my ability to lift and carry weight (20 lb. limit) and [] also limits my ability to stand or sit for long periods of time. Tr. 80. Because the ALJ made no findings regarding the limitations resulting

from plaintiff's medically determinable shoulder and back impairments, this matter must be remanded.

Plaintiff also asserts that the ALJ improperly discounted the opinion of his treating psychiatrist, Victor Richenstein, M.D. Although the ALJ accepted Dr. Richenstein's diagnoses of major depression, attention deficit disorder, and anxiety disorder, the ALJ rejected Dr. Richenstein's opinion regarding the cognitive and social limitations resulting from plaintiff's psychological problems. Tr. 16-21.

Clear and convincing reasons are required to reject an examining doctor's uncontradicted opinion, and an ALJ must provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Doctor Richenstein indicated that plaintiff's psychological impairments moderately limit his ability to understand, remember, and carry out detailed instructions; maintain concentration for two-hour segments; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; work in coordination with or proximity to others without being unduly distracted by them; complete a normal workday and workweek without interruptions from psychologically-based symptoms; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. Tr. 290-91. Doctor

8   - OPINION AND ORDER

Richenstein ultimately concluded that plaintiff's psychiatric symptoms preclude him from returning to a work environment. Tr. 292.

The ALJ rejected Dr. Richenstein's opinion regarding plaintiff's cognitive limitations on grounds that they conflict with Dr. Richenstein's initial GAF assessment of plaintiff and with objective clinical neuropsychological test results reported by Robert Kurlycheck, Ph.D. The ALJ found that Dr. Richenstein's opinions regarding plaintiff's social limitations, aside from plaintiff's inability to interact with the general public, were unsupported by Dr. Richenstein's treatment notes and the record as a whole.

To the extent the ALJ relied on Dr. Richenstein's treatment notes to reject his opinion, the ALJ was required to "'make every reasonable effort' to recontact the source for clarification of the reasons for the opinion." *See* SSR 96-5p. Because the ALJ failed to do so, his rejection of Dr. Richenstein's opinion regarding plaintiff's social limitations was improper, and the record is incomplete.

It is true that the ALJ could properly disregard Dr. Richenstein's opinions if they were based on plaintiff's self-reporting, and if the ALJ properly discredited plaintiff. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant).

However, regardless of whether plaintiff was discredited, this court is unable to conclude that Dr. Richenstein's uncontradicted opinions regarding plaintiff's social limitations are based upon plaintiff's self-reporting. Doctor Richenstein repeatedly noted signs of anxiety when plaintiff spoke during treatment, including pressured speech, irritability, psychomotor agitation,

defensiveness, and tearfulness. Tr. 273-86. These clinical observations support Dr. Richenstein's opinions regarding plaintiff's social limitations. Because the ALJ failed to provide adequate reasons for rejecting Dr. Richenstein's opinion regarding plaintiff's social limitations, this opinion must be credited as a matter of law. *Lester*, 81 F.3d at 834.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the correctness of the Commissioner's decision. *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). A remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The rule recognizes "the importance of expediting disability claims." *Id*. In cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would delay effectuating the primary purpose of the Social Security Act, which is to give financial assistance to disabled persons because they cannot sustain themselves. *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman*, 211 F.3d at 1179. For example, the Ninth Circuit has consistently remanded for further proceedings rather than payment of benefits "where the testimony of the

vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence." *Id.* at 1180.

In determining plaintiff's employability, the ALJ relied on the testimony of a vocational expert. Because the hypothetical presented to the VE did not include any limitations resulting from plaintiff's shoulder and back impairments, or the social limitations identified by Dr. Richenstein, that testimony fails to establish that plaintiff is not disabled.

SSR 85-15 provides that a mental impairment does not prevent a person from working if the person retains the ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." In light of Dr. Richenstein's credited opinion that plaintiff's mental impairments prevent him from responding appropriately to criticism or getting along with co-workers, plaintiff's mental impairments render him disabled as defined by SSR 85-15.

However, it is unclear whether, or to what extent, plaintiff's abuse of marijuana contributes to his disability. While undergoing treatment by Dr. Richenstein, plaintiff and his wife reportedly acknowledged "using marijuana which got out of hand." Tr. 279. Plaintiff testified that he had smoked marijuana "pretty much" every day, sometimes a "couple" times per day. Tr. 318. The ALJ found that plaintiff's marijuana abuse was a severe impairment that could be the cause of his "perceived decline," Tr. 18-19, but failed to discuss the impact of DAA on plaintiff's social limitations or eligibility for benefits. *See* C.F.R. §§ 404.1535, 416.935 (requiring the ALJ to perform a materiality analysis if there is "medical evidence" of DAA).

For this reason, the court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and this

11 - OPINION AND ORDER

case must be remanded for additional administrative proceedings addressing plaintiff's medical evidence regarding his medical history and disability during the relevant period, and the impact of DAA on his eligibility for DIB.

Specifically, plaintiff and the Commissioner shall develop the record regarding the history and extent of all of plaintiff's impairments, including his right shoulder, back, and mental impairments, and to what extent they stem from DAA. Upon remand, the ALJ is instructed to obtain updated medical records concerning plaintiff's disabilities and shall provide plaintiff an opportunity to submit additional medical evidence in support of his assertions regarding the impact of DAA on his impairments.

Additionally, the ALJ shall give full consideration to all of the medical evidence, including the opinions proffered by Drs. Halpert, Richenstein, and the state agency physicians regarding plaintiff's physical and mental impairments. The ALJ and medical experts who participate in analyzing the evidence regarding the impact of DAA on plaintiff's disability shall identify, address and evaluate each of the medical opinions and reports presented. The court is confident that this analysis will be conducted in accordance with the guidelines and legal authorities applicable to the consideration of such evidence.

The ALJ shall also reassess plaintiff's RFC in light of plaintiff's medically determinable back and shoulder impairments and Dr. Richtenstein's credited opinions regarding plaintiff's social limitations. In so doing, the ALJ shall provide appropriate analysis, with specific references to evidence in the record, regarding the Commissioner's assessments of plaintiff's limitations. The ALJ shall obtain evidence from a vocational expert to determine the effect of the assessed limitations on plaintiff's occupational base.

Finally, the ALJ shall perform an appropriate DAA analysis and determine specifically what degree of disability would remain if plaintiff were to stop any and all substance abuse. *See* 20 C.F.R. §§ 404.1535(6), 416.935(6).

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner regarding plaintiff William Haynes' application for DIB must be REVERSED and REMANDED for further proceedings consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this    30    day of March, 2007.


    /s/ ANCER L. HAGGERTY  
    ANCER L. HAGGERTY  
    United States District Judge

13 - OPINION AND ORDER